# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
PAULA PHENNEGER

**DEFENDANTS**
UNIQUE INNS OF LANCASTER, LLC

**(b)** County of Residence of First Listed Plaintiff: Lancaster
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Mansour Law, LLC
1101 W. Hamilton St., Ste. 205
Allentown, PA 18101 (610) 321-3538

Attorneys *(If Known)*
Kaufman Dolowich & Voluck
930 Harvest Drive, Ste. 420
Blue Bell, PA 19422

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**TORTS - PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**TORTS - PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [x] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS — Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. Sec. 2000e, et seq.

Brief description of cause:
Sex and National Origin Discrimination

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*  JUDGE _____  DOCKET NUMBER _____

DATE: 08/05/2022

SIGNATURE OF ATTORNEY OF RECORD: */s/ William P. Mansour*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____8 Bradford Drive, Leola, PA 17540_____

Address of Defendant: _____50 Wynwood Drive, Mountville, PA 17554_____

Place of Accident, Incident or Transaction: _____Lancaster, PA_____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 08/05/2022        *William P. Mansour*        318833
                         Attorney-at-Law / Pro Se Plaintiff        Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☑ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
   *(Please specify):* _____

B. *Diversity Jurisdiction Cases:*
☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____William P. Mansour_____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: 08/05/2022        *William P. Mansour*        318833
                         Attorney-at-Law / Pro Se Plaintiff        Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| PAULA PHENNEGER | : | CIVIL ACTION |
| v. | : | |
| UNIQUE INNS OF LANCASTER, LLC | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                       ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.       (X)

| | | |
|---|---|---|
| 08/05/2022 | William P. Mansour | Paula Phenneger |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (610) 321-3538 | (610) 798-1345 | wpm@themansourfirm.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PAULA PHENNEGER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. _____ |
| UNIQUE INNS OF LANCASTER, LLC d/b/a FULTON STEAMBOAT INN, | ) ) ) |
| Defendant. | ) ) |

**COMPLAINT**

NOW COMES, Plaintiff PAULA PHENNEGER ("Plaintiff"), by and through her undersigned counsel, who hereby complains against Defendant UNIQUE INNS OF LANCASTER, LLC d/b/a FULTON STEAMBOAT INN ("Defendant") as follows:

**INTRODUCTION**

1. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). Specifically, as set forth in more detail herein, Plaintiff alleges that Defendant subjected her to a hostile work environment based on her sex and national origin, which culminated in her constructive discharge.

**PARTIES**

2. Plaintiff is an adult individual currently residing at 8 Bradford Drive, Leola, PA 17540.

3. Plaintiff is a female of French and Algerian national origin.

4. Defendant owns and operates several inns and restaurants throughout Lancaster County, PA and the surrounding areas, including Fulton Steamboat Inn and Huckleberry's Restaurant & Tavern in Lancaster, PA. It's registered office address is located at 50 Wynwood Drive, Mountville, PA 17554.

5. At all times relevant and material hereto, Defendant employed at least 15 employees for each working day during each of 20 or more working weeks in 2021 and 2022.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 because this action arises under the laws of the United States.

7. This Court has personal jurisdiction over Defendant because Plaintiff's claims arise out of Defendant's purposeful business contacts with Pennsylvania.

8. Venue in this district is proper under 28 U.S.C. § 1391(b)(1)-(2) because Defendant regularly conducts business within this district and because the events giving rise to Plaintiff's causes of action arose in this district.

9. On or about November 23, 2021, Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission (EEOC) alleging, *inter alia*, sex and national origin discrimination.

10. On May 9, 2022, the EEOC issued Plaintiff a Notice of Right to Sue, a copy of which is attached hereto as **EXHIBIT A.**

11. Plaintiff has satisfied all other conditions precedent to the filing of this action.

## FACTUAL ALLEGATIONS

12. Defendant hired Plaintiff as an Executive Chef at Huckleberry's Restaurant & Tavern in Fulton Steamboat Inn in 2017.

13. Beginning in or around June 2020 and continuing through her constructive discharge on or about February 15, 2021, Plaintiff was subjected to a severe and pervasive pattern of discriminatory and harassing conduct by one of her co-workers, Dustin Doster, and Huckleberry's General Manager, Jennifer Buchter, based on her French and Algerian national origin and sex, including, without limitation, the following:

    a. Mr. Doster would regularly (at least 2-3 times per week) tell Plaintiff that "the French smelled like fish," that Plaintiff should "close [her] legs

because it smells like fish," and that Plaintiff "smells like a French whore" each time Plaintiff would be portioning salmon or other kinds of fish in the kitchen;

b. Mr. Doster would repeatedly make fun of Plaintiff's French accent;

c. Mr. Doster would repeatedly make offensive comments or "jokes" about Plaintiff's French nationality and would tell her to "go back to [her] country if [she] can't take a joke";

d. In October 2020, when Plaintiff asked Ms. Buchter about getting RAMP certified so she could bartend as needed, Ms. Buchter responded that Plaintiff cannot bartend because "it wouldn't be a good look for the company";

e. Beginning in mid-October 2020, Ms. Buchter excluded Plaintiff from all meetings with the kitchen and front-of-the-house departments, despite the fact that Plaintiff, as Executive Chef, was responsible for managing and supervising kitchen staff;

f. Beginning in mid-October 2020, Ms. Buchter would come into the kitchen every day and openly undermine Plaintiff's authority in front of her subordinates, even going as far as telling them to ignore any directions from Plaintiff;

g. Beginning in mid-October 2020, Ms. Buchter removed all of Plaintiff's memos posted in the kitchen and replaced them with new memos from herself and Mr. Doster;

h. Beginning in November 2020, Ms. Buchter ordered Plaintiff not to interact with restaurant guests anymore, as was her usual custom, because "no one can understand [her] accent" and "it wasn't a good image for the restaurant";

3

  i. Beginning in November 2020, Ms. Buchter began stripping Plaintiff of her supervisory authority to hire, fire, and discipline kitchen staff and ordered kitchen staff not to take direction from Plaintiff;

  j. On December 14, 2020, Ms. Buchter again reminded Plaintiff during a meeting in her office that she is prohibited from interacting with restaurant guests "because of [her] accent";

  k. On November 3, 2020, Ms. Buchter asked Plaintiff if she voted and when Plaintiff answered that she could not vote because she is not a citizen, Ms. Buchter replied: "Oh, you're one of those";

  l. On or about January 14, 2021, Ms. Buchter met with Plaintiff and informed her that she was placing ads on Indeed for new kitchen staff and specifically mentioned that she wants "White Caucasian young males to work in the kitchen";

  m. On or about January 18, 2021, Ms. Buchter confronted Plaintiff about an interaction she had with one of the cooks, and when Plaintiff responded that she was not responsible for the cook's comments, Ms. Buchter replied: "That's why we shouldn't have women running the kitchen" and that Plaintiff "was a typical arrogant French chef, who I can't stand."

14. Between June 2020 and October 15, 2020, Plaintiff verbally complained to Ms. Buchter numerous times about Mr. Doster's discriminatory and harassing conduct. Each time, Ms. Buchter told Plaintiff that she should ignore Mr. Doster because he was "just joking" and "was immature."

15. Defendant never investigated Plaintiff's allegations of sex and national origin discrimination against Mr. Doster.

16. Defendant took no steps to prevent or correct Mr. Doster's discriminatory conduct towards Plaintiff.

17. Due to Mr. Doster's discriminatory and harassing conduct, Plaintiff attempted to resign her position on or about October 15, 2020.

18. However, Steven Sikking, one of Defendant's owners, convinced Plaintiff not to resign and assured her that the issues between herself, Mr. Doster, and Ms. Buchter would be resolved. However, as detailed above, Mr. Doster's and Ms. Buchter's discriminatory and harassing conduct continued through February 15, 2021.

19. On or about January 27, 2021, Ms. Buchter informed Plaintiff that she was placing ads on Indeed for two (2) Sous Chefs. The job description for each ad included managerial duties that had previously been performed by Plaintiff, including training and directing kitchen personnel, placing orders, scheduling staff, and other managerial tasks.

20. In addition, the draft ads stated that the starting pay for the Sous Chef positions would be $20 per hour, roughly the same as Plaintiff was earning after nearly four (4) years as Executive Chef.

21. After reading the draft ads, Plaintiff informed Ms. Buchter that she believed Defendant only needed one (1) new Sous Chef, that she thought the starting pay for the position was too high, and that the duties listed are more appropriate for an Executive Chef than a Sous Chef.

22. In early February 2021, Defendant hired two (2) white Caucasian male Sous Chefs, both of whom were far less experienced and knowledgeable than Plaintiff. Upon information and belief, both Sous Chefs were paid the same or similar wages as Plaintiff.

23. Given Mr. Doster's and Ms. Buchter's continuing discrimination and harassment in conjunction with Ms. Buchter's decision to diminish Plaintiff's managerial authority and hire two (2) Sous Chefs to share some of her job duties, on February 15, 2021, Plaintiff sent an email to Mr. Sikking and Ms. Buchter informing them that she was resigning her position and giving her two (2) weeks' notice.

24. The next day, on February 16, 2021, Mr. Sikking (with Ms. Buchter on the same line) called Plaintiff and informed her that he received her resignation email and that, if she changed her resignation date to February 15, 2021, Defendant would provide a future professional reference. Mr. Sikking then stated that, if Plaintiff refused to change her resignation date, she would be discharged immediately for allegedly using a "racial slur" while at work on February 6, 2021.

25. Plaintiff refused to change her resignation date and was immediately discharged by Defendant on February 16, 2021.

26. Mr. Sikking and Ms. Buchter had been planning to discharge Plaintiff as early as December 2020 and concocted a false allegation of racial discrimination to create a pretextual justification for her discharge on February 16, 2021.

27. Plaintiff never used a racial slur while at work on February 6, 2021.

## COUNT I
## HOSTILE WORK ENVIRONMENT (NATIONAL ORIGIN)
## IN VIOLATION OF TITLE VII

28. Plaintiff incorporates by reference all preceding paragraphs as if same were set forth more fully at length herein.

29. Plaintiff is of French and Algerian national origin and, at all times relevant and material hereto, Defendant – including Mr. Doster and Ms. Buchter – had knowledge of same.

30. Plaintiff suffered regular and pervasive discriminatory treatment and harassment at the hands of Mr. Doster and Ms. Buchter because of her national origin, as alleged more fully in paragraph 13(a)-(m).

31. Plaintiff was offended and embarrassed by the above-described discriminatory and harassing conduct and considered it unwelcome, hostile, and abusive.

32. A reasonable person would have been objectively offended by the above-described discriminatory and harassing conduct and would have considered it unwelcome, hostile, and abusive.

33. Defendant knew, or should have known, about Mr. Doster's and Ms. Buchter's discriminatory and harassing conduct towards Plaintiff, but failed to take prompt remedial action to correct and prevent such conduct.

34. At all times relevant and material hereto, Ms. Buchter was Plaintiff's supervisor and had authority to fire, direct, and discipline Plaintiff.

35. Ms. Buchter's discriminatory and harassing conduct towards Plaintiff culminated in Plaintiff's discharge on February 16, 2021.

36. As a direct and proximate result of the hostile work environment created by Defendant, Plaintiff suffered severe embarrassment, humiliation, emotional distress, and mental anguish.

37. Defendant purposefully or recklessly permitted Plaintiff to be subjected to a hostile work environment based on her national origin in violation of federal law.

**WHEREFORE**, Plaintiff Paula Phenneger respectfully requests that this Honorable Court enter judgment in her favor and against Defendant and award the following relief:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. All costs of suit and reasonable attorney's fees; and

    d. Any other relief deemed proper and just.

### COUNT II
### HOSTILE WORK ENVIRONMENT (SEX)
### IN VIOLATION OF TITLE VII

38. Plaintiff incorporates by reference all preceding allegations as if same were set forth more fully at length herein.

39. Plaintiff is female.

40. Plaintiff suffered regular and pervasive discriminatory treatment and harassment at the hands of Mr. Doster and Ms. Buchter because of her sex, as alleged more fully in paragraph 13(a)-(m).

41. Plaintiff was offended and embarrassed by the above-described discriminatory and harassing conduct and considered it unwelcome, hostile, and abusive.

42. A reasonable person would have been objectively offended by the above-described discriminatory and harassing conduct and would have considered it unwelcome, hostile, and abusive.

43. Defendant knew, or should have known, about Mr. Doster's and Ms. Buchter's discriminatory and harassing conduct towards Plaintiff, but failed to take prompt remedial action to correct and prevent such conduct.

44. At all times relevant and material hereto, Ms. Buchter was Plaintiff's supervisor and had authority to fire, direct, and discipline Plaintiff.

45. Ms. Buchter's discriminatory and harassing conduct towards Plaintiff culminated in Plaintiff's discharge on February 16, 2021.

46. As a direct and proximate result of the hostile work environment created by Defendant, Plaintiff suffered severe embarrassment, humiliation, emotional distress, and mental anguish.

47. Defendant purposefully or recklessly permitted Plaintiff to be subjected to a hostile work environment based on her sex in violation of federal law.

**WHEREFORE**, Plaintiff Paula Phenneger respectfully requests that this Honorable Court enter judgment in her favor and against Defendant and award the following relief:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. All costs of suit and reasonable attorney's fees; and

    d. Any other relief deemed proper and just.

## COUNT III
## CONSTRUCTIVE DISCHARGE IN VIOLATION OF TITLE VII

48. Plaintiff incorporates by reference all preceding allegations as if same were set forth more fully at length herein.

49. The regular and pervasive harassment against Plaintiff by Mr. Doster and Ms. Buchter based on her sex and national origin, and Defendant's failure to remedy same, made Plaintiff's work environment so hostile and abusive that it interfered with her ability to do her job and compelled her to resign.

50. Any reasonable person in Plaintiff's position would have also felt compelled to resign.

51. As a direct and proximate result of her constructive discharge, Plaintiff suffered past and future lost wages and loss of earning capacity.

52. As a direct and proximate result of her constructive discharge, Plaintiff suffered severe embarrassment, humiliation, emotional distress, and mental anguish.

53. Defendant purposefully or recklessly permitted Plaintiff to be subjected to a hostile work environment based on her sex and national origin, resulting in her constructive discharge, in violation of federal law.

**WHEREFORE**, Plaintiff Paula Phenneger respectfully requests that this Honorable Court enter judgment in her favor and against Defendant and award the following relief:

    a. Back pay from February 15, 2021 through the present, plus pre- and post-judgment interest;

    b. Front pay from the date of judgment through a date deemed equitable by the Court;

    c. Compensatory damages in an amount to be determined by a jury;

    d. Punitive damages in an amount to be determined by a jury;

    e. All costs of suit and reasonable attorney's fees; and

      f.      Any other relief deemed proper and just.

## DEMAND FOR JURY TRIAL

**PLEASE TAKE NOTICE** that Plaintiff PAULA PHENNEGER hereby demands a trial by jury for all claims and issues so triable.

*Respectfully Submitted,*

**MANSOUR LAW, LLC**

Dated: August 5, 2022      BY:    */s/ William P. Mansour*
William P. Mansour, Esquire
Pa. Atty. ID No. 318833
1101 W. Hamilton St., Ste. 205
Allentown, PA 18101
Tel: (610) 321-3538
Fax: (610) 798-1345
Email: wpm@themansourfirm.com

Attorney for Plaintiff Paula Phenneger